## MAIN *v.* TRACEY.

### Opinion delivered July 22, 1905.

SALE—SHIPMENT BEFORE ORDER WAS COUNTERMANDED.—Where a bill of goods was ordered, and the same were shipped in accordance with the terms of the order, it is no defense, in an action for the purchase money, that a letter countermanding the order was received after the goods had been shipped.

Appeal from Calhoun Circuit Court.

CHARLES W. SMITH, Judge.

Reversed.

#### STATEMENT BY THE COURT.

Action by W. F. Main & Company, wholesale jewelry merchants of Iowa City, Iowa, against Tracey & Witherington, retail merchants of Woodbury, Calhoun County, Arkansas, to recover the price of a bill of jewelry sold by the former to the latter. A verdict was rendered in favor of the defendants, and plaintiffs appealed.

*Thornton & Thornton,* for appellants.

Appellee could not rescind the contract of purchase. Tied. Sales § 40; Benj. Sales § 64; 47 Ark. 519. Appellee did not plead premature suit below and cannot here. 54 Ark. 442. It is error to give an instruction not supported by the evidence. 42 Ark. 61; 46 Ark. 96; 54 Ark. 339.

*C. L. Poole,* for appellees.

The order for the goods was countermanded in due time. I Mech. Sales, § 252; 74 Ark. 16; 60 Ark. 539. The finding of the jury was warranted by the evidence. 57 Ark. 93; 55 Ark. 229; 53 Ark. 537; 46 Ark. 141; 51 Ark. 467; 84 S. W. 786; 57 Ark. 192. There was a rescission of the contract. 23 Am. & Eng. Enc. Law, 918; 52 Ark. 453; 21 Am. & Eng. Enc. Law 58; 28 Ind. 365; 4 Wend. 285; Beach, Mod. Law Contr. § 230.

McCULLOCH, J., (after stating the facts.) Appellees gave a written order for the bill of jewelry to the traveling salesman of appellants, and same was forwarded to appellants for acceptance and shipment of the goods. Appellees thereafter wrote and mailed a letter to appellants countermanding the order. This case is similar upon the facts to the recent case of *Merchants' Exchange Company* v. *Sanders,* 74 Ark. 16, except that in the Sanders case the proof failed to show satisfactorily that the letter countermanding the order was received before the acceptance of the order and shipment of the goods, while in this case the manager of appellants' business testifies positively that the countermand was not received until after the shipment of the goods. His testimony is uncontradicted on this point. There was no other testimony tending to show when the letter was or could have been received. Neither the precise date when the letter was mailed, nor the length of time which would, in the ordinary course of mail, have been required to carry the letter to appellants' place of business, was proved, nor any other circumstance from which the jury could have found that the letter was received by appellant before shipment of the goods. This being true, the verdict finds no support from the evidence, as it is shown beyond dispute that appellees gave the order for the goods, and the same were shipped to them in accordance with the terms of the order.

The court erroneously gave an instruction at appellees' request submitting the case to the jury upon a theory not warranted by the pleadings or proof, but the bill of exceptions does not disclose any objection thereto by appellants, and we cannot consider the assignment of error as to that in the motion for new trial.

On account of the insufficiency of the evidence to sustain the verdict, the judgment is reversed, and the cause remanded for a new trial.