## MAIN *v.* TRACEY.

Opinion delivered April 13, 1908.

SALE OF CHATTEL—DEFENSE.—When the sole question at issue in a case was whether an order of goods was countermanded before they were shipped, it was prejudicial error to permit the vendee to prove that no notice was received from the express company of the arrival of the goods, since the express company was the agent of the vendee, and its negligence was not attributable to the vendor.

Appeal from Calhoun Circuit Court; *Charles W. Smith,* Judge; reversed.

*Thornton & Thornton,* for appellants.

1. When two parties enter into a contract, neither party can rescind without the consent of the other except for fraud;

and when one party has made an offer of purchase to another, that offer remains open for acceptance or rejection by the other until a demand for the withdrawal reaches the offeree. Tiedeman on Sales, § 40; Benjamin on Sales, § 64; 47 Ark. 519.

2. It was error to permit appellee Tracey to testify that the express agent at Bearden did not notify him of the arrival of the goods. The express company was the agent of the appellees, and not of appellants. 43 Ark. 353; 81 Ark. 134; 78 Ark. 123.

*C. L. Poole*, for appellees.

The mailing of the letter countermanding the order raises the presumption that the company or person to whom it was addressed duly received it, and the burden was on appellants to show by a preponderance of the evidence that they never received it. 60 Ark. 539. The order was not a contract of purchase until acceptance, but a mere proposal, subject to withdrawal at any time before acceptance. 1 Mechem on Sales, § 252. The contract shows that the goods were to be consigned to the place of business of appellees, this being different from the railroad station. It was the duty of the agent to notify appellees of the arrival of the goods, and in doing this he was the agent of appellants. The goods having arrived at their destination but still being held by the railroad agent for delivery to appellees, the right of stoppage *in transitu* still existed, and, appellants having availed themselves of this right, this act amounts to a rescission. 28 Am. & Eng. Enc. of L. 918; 21 *Id.* 58; 28 Ind. 365; 4 Wend. (N. Y.), 285; Beach on Cont., § 230.

HILL, C. J. This is the second appeal of this case. In *Main* v. *Tracey,* 76 Ark. 371, the facts are stated. Judgment for the defendant was therein reversed for failure of evidence of the countermand of the order reaching appellant before the goods were shipped. On the new trial, there was testimony adduced tending to show when the letter of countermand was written, when it was mailed, and when in due course of mail it would have been received by the appellant. This testimony tended to show that it would have been received on the 15th, and the goods were shipped on the morning of the 17th of June.

On the other hand, one witness testified that the letter of

countermand was received on the afternoon of the 17th, after the goods had been shipped out that morning. In view of the fact that this witness was interested in the result, and there were some possible discrepancies in two depositions given by him, the court could not say that it would be arbitrary for the jury to disregard his testimony. Therefore there would be some testimony tending to show that the letter of countermand was received before the goods were shipped; and, this being true, the countermand was effective because no contract was made until after the offer of purchase was accepted by he shipment.

The court permitted a son of the appellee to testify that no notice was received from the express company of the arrival of these goods. Other testimony along the same line was adduced. This was over the objection of the appellant, and is made one of the grounds for new trial.

The sole question at issue in the case is whether the countermand was received before the goods were shipped. Had the court sharply pointed out that as the sole question before the jury, it might be that this evidence would not have been prejudicial. But that was not done. This testimony had no proper bearing upon the real issue of the case, and was likely to lead the jury to believe that it was a relevant fact. The express company was the agent of the appellee. Whether the goods were duly carried by it, and whether notice was given after they arrived, were matters that could not affect appellant's right, for his duty was discharged when he delivered the goods to the express company. This testimony, unexplained and let in to the jury, might lead them to believe that it was the duty of the express company to give notice that the goods were there before liability could be fixed upon the appellee; or they may have taken it as a corroboration of the appellee's theory that the goods were not shipped until after the order of countermand was received. When it is borne in mind that the express company was the agent of the appellee, then any testimony generated from its action or want of action should not affect the other party to the controversy.

Whatever may have been the tendency of this testimony, certainly it did not tend to prove any thing in regard to the

issue. Appellee's testimony to sustain this verdict is weak; and if it had not been strengthened by this incompetent evidence, the result might have been otherwise. At any rate, the court cannot say that this error is not prejudicial; therefore the judgment is reversed.

Reversed and remanded.