Toledo Computing Scale Company *v.* Stephens.

Opinion delivered December 5, 1910.

1. Appeal and error.—The findings of fact of the court trying a case at law without a jury are as conclusive on appeal as a verdict of a jury and will not be disturbed if there is any evidence to support them.   (Page 608.)

2. Sale—withdrawal of order.—Until accepted, a proposition to purchase a chattel may be withdrawn by the buyer, even though the order contains a provision that it shall not be countermanded, as there is no consideration for such an agreement.   (Page 608.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

STATEMENT BY THE COURT.

On the 9th day of December, appellees gave to the agent of appellant a written order for a pair of scales to be shipped to them at their place of business at Sulphur Springs in the State of Arkansas. The order was addressed to appellant at its place of business at Toledo, Ohio, and contained a provision that the order should not be countermanded. The price to be paid was $275, as follows: "$25 cash with order; $20 on delivery; balance $30 per month evidenced by notes." Twenty-five dollars was paid when the order was given, and notes for $30 each for the balance was executed. This suit was brought in a justice of the peace court to recover on the notes.

The defense that the order was countermanded before it was accepted was interposed. The case was appealed to the circuit court, and was there, by agreement, tried before the court

sitting as a jury. After introducing in evidence the written order for the scales, the appellant adduced evidence tending to show that the order was received on the 15th day of December, 1908, and that it was at once accepted and notice of acceptance at once was mailed to appellees. That "when the order was received and accepted, the usual course was followed in putting the order through the factory and in making the delivery f. o. b. Toledo, as stipulated in the order." After the scales were constructed, they were delivered on board the cars, and consigned to appellees at Sulphur Springs, Ark., on January 19, 1909. Appellees declined to receive them, and they were destroyed by fire after their arrival at Sulphur Springs while in the hands of the carrier. Appellees testified that, on the next night after they had given the order, they sold out their business, and telegraphed to appellant at its place of business in Toledo that they countermanded the order; that on the same night they sent a letter to appellant at Toledo, Ohio, countermanding the order, and that a letter would travel from Sulphur Springs to Toledo, Ohio, in two days; that a few days after the countermand they telephoned the agent of appellant, to whom they had given the order for the scales, at Rogers, Ark., that they countermanded the order.

The head of the order department of appellant testified that they never received a letter from appellees countermanding the order; but says they did receive a telegram from them, on the morning of the 16th of December, 1908, which had been sent as a night message on the 15th inst., cancelling their order for the scales.

The court found for appellees, and from the judgment rendered an appeal has been prosecuted to this court.

*Rice & Dickson,* for appellant.

The stipulation in the contract that the order should not be countermanded is binding upon the appellee. 75 Ark. 210. The agreement entered into cannot be rescinded by one of the parties. 83 Ark. 426. If it had been an order of the usual open kind, it still could not be countermanded after its receipt and acceptance. 74 Ark. 18.

*McGill & Lindsey,* for appellees.

1. In the absence of an agreement to the contrary, the order could be countermanded at any time before acceptance. 74 Ark. 16. And, even though there is an agreement not to countermand, the order could be countermanded, unless there was some consideration for the agreement. 24 Am. & Eng. Enc. of L. 1030; 1 Benjamin on Sales (4 Am. ed.), § 41.

2. There could at most, in this case, be nothing more than a breach of an executory contract to purchase made before the scales were shipped, and before their manufacture could have begun, and appellant's remedy would be a suit for a breach of the contract. 2 Benjamin, Sales, § § 1117 and 1118 and notes; 92 Ark. 111; 55 Ark. 401; 70 Ark. 39; 24 Am. & Eng. Enc. of L. 1116 and note 6, and 1117 and note 1; 7 Hill (N. Y.) 61.

HART J., (after stating the facs.) The rule is well settled by an unbroken line of decisions that the findings of a circuit court upon a disputed issue of fact submitted to it is as conclusive upon appeal as the verdict of a jury. That is to say, it will not be disturbed if there is any evidence to° support it. The writing in question shows on its face that it was merely a proposal to purchase, and that it was not a contract of purchase or sale. It is so treated by the head of appellant's order department. Throughout his testimony he speaks of it as the order, and specifically names the date of its acceptance. As such it was subject to be countermanded or withdrawn at any time before acceptance. *Merchants' Exchange Co.* v. *Sanders,* 74 Ark. 16; *Main* v. *Tracey,* 86 Ark. 27.

This is true in this case, even though the order contained a provision that it should not be countermanded, for there was no consideration for such agreement. 24 Am. & Eng. Enc. of Law, p. 1030; 1 Benj. on Sales (4 Am. ed.), § 41.

Appellees adduced evidence tending to show that they countermanded the order by telegraph on the night following the day they gave the order, and at the same time sent to appellant, properly addressed, a letter countermanding the order; that such letter in the ordinary course of mail should have reached appellant two days after it was sent. They also testified that in a few days after the countermand they telephoned to the agent who received the order, telling him that they countermanded it. The order was dated December 9, and it is not claimed that this is not its true date.

The head of appellant's order department denies that he received the letter countermanding the order, and states that he did not receive the telegram until the 16th inst., after the order was accepted. He does not state, however, that he was the only one of appellant's employees who received communications addressed to it. In view of these facts and his interest in the result, and the further fact that no effort is made to overcome the inference that the sales agent might have received the countermand by telephone before the 15th inst., it can not be said that the finding of the court was arbitrary and without any substantial evidence to support it.

The judgment will therefore be affirmed.