CEDAR RAPIDS NATIONAL BANK *v.* MCCORD.

Opinion delivered February 27, 1911.

SALE OF CHATTEL.—RIGHT TO COUNTERMAND ORDER.—Until accepted, an order for merchandise is a mere proposal which may be withdrawn, though it provides that it cannot be countermanded.

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; affirmed.

*W. S. Chastain,* for appellant.

*Holland & Holland,* for appellee.

McCULLOCH, C. J. The plaintiff, Cedar Rapids National Bank, sued defendant Fred McCord, on a negotiable promissory note executed by the latter for the sum of $240 to the Barton-Parker Manufacturing Company, which note is alleged to have been assigned to plaintiffs for value before maturity. The note was attached to an order for a lot of jewelry, being on the same printed sheet with a perforated line between, so that the note could be detached, and the same was detached when assigned to plaintiff. The note was executed for the purchase price of the jewelry, and accompanied the order, which was taken by the traveling salesman of the vendor, the Barton-Parker Manufacturing Company, of Cedar Rapids, Iowa. Defendant was engaged in the mercantile business at Greenwood, Ark., and the goods were to be shipped to him at that place. The order contained

an itemized list of the goods, and concluded as follows: "Please ship at your earliest convenience the above goods upon terms and conditions herein specified, which I have found satisfactory." The following clause is also found in the order: "This order cannot be countermanded. Time is of the essence of this agreement. Salesmen have no authority to make any agreements except such as are written or printed hereon and approved by the Barton-Parker Manufacturing Company."

The defendant testified that about two hours after he gave the order to the salesman he went to the latter on the streets of Greenwood and countermanded the order; also that he wrote and mailed a letter to the Barton-Parker Manufacturing Company the next day countermanding the order; that the goods were shipped notwithstanding the countermand, but that he declined to accept them.

The cashier of the plaintiff bank testified that he purchased the note for his bank on September 20, 1907 (the date of the note being September 15, 1907), from the Barton-Parker Manufacturing Company, and paid therefor the sum of $144.36 in cash; that the officials of the bank knew nothing of any defect in or defense to the note, and that the purchase of the note was in the due course of business. The indorsement on the back of the note, as exhibited with the complaint and read in evidence, bears date of September 20, 1907.

J. W. Goolsby, an attorney at law, testified that he received the note for collection about a year and half subsequent to its date (which was after maturity); that he kept it in his possession several days and examined it closely, and that it contained no indorsement at that time.

The court submitted the case to the jury solely on the question whether or not plaintiff purchased the note for value before maturity in due course of business. The correctness of the instructions on that issue are not assailed here.

Counsel for plaintiff insists that he should have had a peremptory instruction telling the jury to find for the plaintiff. The court was correct, we think, in submitting the one issue to the jury, as that was the only disputed question of fact.

The order was countermanded before acceptance, and defendant was not liable except to an innocent holder for value to

whom it was assigned before maturity. The order was a mere proposal which, until acceptance, defendant had the right to withdraw, notwithstanding the provision therein to the contrary. *Merchants' Exchange* v. *Sanders,* 74 Ark. 16; *Toledo Computing Scale Co.* v. *Stephens,* 96 Ark. 606.

The traveling salesman who solicited and received the order is not shown to have had authority to accept it so as to bind the vendor; and the language of the order negatives such authority. He was a mere soliciting agent, and sent the order to his principal, after it was countermanded before he left town.

The evidence was sufficient to warrant the finding that plaintiff was not an innocent holder for value under assignment before maturity. The judgment is therefore affirmed.