## CLICK *v.* SAMPLE.

Opinion delivered December 3, 1904.

1.   APPEAL—SUBSTANTIAL CONTROVERSY.—Where an interlocutory injunction was granted to prevent the enforcement of a contract, and was subsequently dissolved, the fact that the contract against which the injunction was leveled had expired by its term prior to the taking of an appeal by plaintiffs will not prevent the prosecution of an appeal, as the judgment dissolving the injunction fixed a liability upon the injunction bond, thereby creating a substantial controversy, beyond the costs.   (Page 196.)

2.   SCHOOL TEACHER—EMPLOYMENT—VALIDITY OF CONTRACT.—A contract for the employment of a public school teacher, made by two of the three directors at a special meeting when no written notice of its time, place and object was given to the third director, is invalid. (Page 197.)

3.  SCHOOL DIRECTOR—RIGHTS TO HOLD OVER.—Where the county court filled two vacancies in a board of school directors, without designating which appointee held for the long or the short term, and the next annual school meeting decided that one of such appointees should hold the long term, and elected a successor to the other, the former continued to hold office, not under such decision, but under his original appointment, because no successor was elected to succeed him.  (Page 197.)

4.  PRESUMPTION—DUE COURSE OF MAILS.—Where a school director took and subscribed the oath of office, and mailed a duplicate thereof to the county clerk, a *prima facie* presumption arises that the letter was received by the clerk, which is not overcome by proof that the same is not on file, and that no record of it can be found, in the clerk's office.  (Page 198.)

Appeal from Howard Chancery Court.

JAMES D. SHAVER, Chancellor.

Reversed.

*W. S. McCain* and *D. B. Sain,* for appellants.

A director must have written notice of a special meeting. 64 Ark. 489; 69 Ark. 159; 52 Ark. 511. This notice cannot be waived orally. 36 Ark. 545. Director Corbell did not forfeit his office merely because his oath of office was not filed in the clerk's office or could not be found there. *Cf.* Sand. & H. Dig. § § 7035, 7036; 52 Ark. 511. The filing of his oath and recording of it in the records of the school district was, under the circumstances, sufficient. *Cf.* Sand. & H. Dig. § 7036. See also upon the questions of forfeiture of office and sufficiency of oath: 38 Ark. 81; 30 Neb. 360; 81 S. W. 1237; 38 Ark. 150; 25 Ark. 344; 52 Ark. 356; 22 Ark. 556; 38 Ark. 571; 45 Ark. 143; 164 U. S. 657; 158 U. S. 232; 49 Ark. 439; 4 Ark. 582; 17 Neb. 553; 8 Am. & Eng. Enc. Law, 343.

*Feazel & Bishop,* for appellees.

There being no actual controversy now between the parties and no rights to adjust by this appeal, this court should not take cognizance of this cause. 12 N. C. 74; 9 Wall. 602; 126 N. C. 86, s. c. 35 S. E.; 125 N. C. 437, s. c. 34 S. E. 538; 7 Pa. Sup. Ct. 474; 26 S. W. 1116; 156 U. S. 651; 62 Ga. 747; 2 Cent.

Dig. "App. & Error," § 69; 61 Fed. 208; 82 N. Y. 575; 49 Hun, 607; 95 N. C. 515; 35 S. C. 602; 139 N. Y. 446, s. c. 34 N. E. 931; 113 U. S. 216; 2 Johns. Ch. 317; 127 N. C. 243, s. c. 37 S. E. 263; 126 N. C. 86, s. c. 35 N. E. 228; 125 N. C. 437, s. c. 34 S. E. 538; 29 S. W. 415; 4 Tex. Civ. App. 174, s. c. 23 S. W. 279; 47 Pac. 424. The order appointing Corbell was void for uncertainty as to what vacancy he was to fill. Sand. & H. Dig. § 7040. The filing of the official oath with the clerk was necessary. 52 Ark. 514.

HILL, C. J. This case is submitted on a motion to dismiss the appeal; and as the merits are involved therein, and the questions are fully presented, the whole case is determined.

The suit was an injunction, brought by taxpayers and one member of a school board against the other members of the school board, a teacher employed by them and the county treasurer.

It is alleged that the two members of the school board made a contract with the teacher on behalf of the district to teach a three months' school, beginning February 1, 1904; that the contract was illegal; that under it the teacher had taught some two weeks, and the directors would issue warrants to her in payment of her services, and the county treasurer would pay such warrants, unless she was enjoined from teaching the school, and the directors from issuing and the treasurer from paying the warrants. An injunction in conformity with these allegations was prayed. On the 22d of February, 1904, the chancellor granted a temporary restraining order, enjoining the teacher from teaching, and the directors from causing to be taught, a school, under the contract complained of, on condition that the plaintiffs (appellants here) should give bond in the sum of $250 in the usual form of injunction bonds. This bond was given, and the injunction issued by the clerk.

On the 6th of May, 1904, on final hearing, the injunction was dissolved, and judgment rendered against the plaintiffs for costs, and they appealed.

1. The appellees move to dismiss the appeal on the ground that the contract against which the injunction was levelled had expired by its terms prior to the taking of the appeal; and insist that this court should not entertain a case merely to decide abstract questions where there is no substantial controversy

remaining which is capable of enforcement, and that the costs, which are mere incidents of this terminated controversy, should not cause an appellate court to decide the abstract questions theretofore involved in order to adjudicate them. Authorities supporting these contentions are presented, and have been considered. While the contract in controversy cannot now be enforced or enjoined, there is a judgment of the chancery court dissolving the injunction, and, if that judgment stands unreversed, a liability is fixed upon the appellants and their sureties on the bond. That judgment fixing this liability is a substantial controversy, beyond the costs, and can only be reviewed by hearing this appeal.

2. The case turned in the chancery court upon the question as to whether Corbell was legally a member of the school board. The contract was made by the other two directors at a special meeting, and no written notice was given him of the time, place and object of the meeting. If he was a member of the board, under the decisions in *Burns* v. *Thompson,* 64 Ark. 489, and *School District* v. *Adams,* 69 Ark. 159, the contract was invalid; if he was not a member, the contract with the two directors was valid. *School District* v. *Bennett,* 52 Ark. 511.

In November, 1901, two vacancies occurred in the directory of this district. The term of one of the directors then vacated expired in May, 1902, and the other two years thereafter. The electors failed to fill these vacancies within fifteen days, and the county court, under section 7040, Sandels & Hill's Digest, appointed Corbell and Davidson as directors to fill these vacancies, but failed to designate which was appointed for the long term and which for the short term. Such appointments could carry no unexpired term beyond the next May meeting, when one expired, but were certainly valid that long as to both. At the annual school meeting in May following, by unanimous vote, it was decided that Corbell should hold the long term and Davidson the short one, and Davidson's successor was then elected. This was an untechnical, but effective, way to continue Corbell in office. He was thereafter holding under his appointment which had expired, because no successor was elected to succeed him. The tenure of a director only expires when his successor is elected and qualified. *School District* v. *Bennett,* 52 Ark. 511.

The district's action in refusing to elect a successor to Corbell has prevented in fact, whether it could in law or not, a successor from being elected or appointed and qualified. He continued to serve as director, being secretary of the board, from then until after the contract in question was made, but this time was within the term which the meeting decided he should serve. He was therefore a legal member of the board, if he ever was one, and that is the question the chancellor found against him.

The facts found by the chancellor upon this point were: That Corbell took the oath of office required by the Constitution immediately after his appointment before Click, the other director, and subscribed to said oath in form prepared for such oaths in the register of the district, and a duplicate thereof was mailed by Click to the county clerk. The duplicate oath was not filed in the county clerk's office. The chancellor held that the failure to file the oath with the clerk prevented Corbell from being authorized to enter upon the office of director, and that he was not, and never had been, a legal member of the board; and that when the contract in controversy was made, no notice to him was necessary, and the contract was valid. *School District* v. *Bennett, supra,* is relied upon as sustaining this position. In that case the court held that the provisions of section 6206, Mansfield's Digest, which, in amended form, is now section 7036, Sandels & Hill's Digest, is mandatory. But it would be carrying the salutary doctrine of that case beyond its scope and intention to hold that when a director has literally fulfilled every detail of these provisions his office is vacated because his duplicate official oath is not to be found in the county clerk's office. The clerk does not testify that it was not received, but merely that it is not there, and no record of it can be found, and it is customary to make a record of these oaths when received. He says that it is possible that in this, as in other business affairs, oaths might be received in the office and not recorded. When a letter is mailed to a person, there is a *prima facie* presumption that he received it in due course of mail, and that the contents were duly delivered to him. *Burlington Ins. Co.* v. *Thelkeld,* 60 Ark. 539. Many illustrations of the reliance placed on this presumption in the ramifications of modern business affairs, largely conducted by mail, may be found in the cases collated in 4 Am. & Eng. Enc. of Law (2d Ed.), pp. 424, 425; 7 *Ib.* p. 135; 19 *Ib.* p. 608.

There was no fee due the clerk for filing this oath. *Cole* v. *White County,* 32 Ark. 45. Therefore, the only duty resting on the director was to deliver it to the clerk, whose duty it was to file it. Its mere absence from the clerk's office and record, without any evidence of non-receipt of it other than such absence, is not sufficient to overcome the presumption of delivery raised by its due mailing.

This conclusion that Corbell was a director *de jure* renders unnecessary to consider whether he was a director *de facto,* if not *de jure.*

The decree is reversed, and the cause remanded, with instructions to render a decree releasing the makers of the injunction bond from liability thereupon, and enjoining the directors from issuing warrants in payment of services under the contract in suit, and the treasurer paying any money on warrants or otherwise for services under the contract in suit, and adjudging the costs against the directors who made this contract.