MERCHANTS' EXCHANGE COMPANY *v.* SANDERS.

Opinion delivered January 21, 1905.

1. SALE—EFFECT OF SENDING ORDER.—Until accepted, an order for a. bill of goods is not a contract of purchase, but merely a proposal, which may be withdrawn at any time before acceptance.   (Page 18.)

2. EVIDENCE—PRESUMPTION FROM MAILING LETTER.—The mailing of a letter countermanding an order for a bill of goods raises a *prima facie* presumption that the same was duly received by the person to whom it was properly addressed, and places upon him the burden of showing that it was not received.   (Page 18.)

3. PRESUMPTION OF RECEIPT OF MAILED LETTER—REBUTTAL.—Testimony of the business manager of a company that he did not receive a certain letter shown to have been mailed to the address of the company, without showing that it might not have been received by some other person in authority connected with the company, was not sufficient to rebut the presumption that it was received.   (Page 18.)

Appeal from Van Buren Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

Affirmed.

STATEMENT BY THE COURT.

This is a suit brought by appellant, a wholesale dealer in jewelry at Iowa City, Iowa, against appellee, a merchant at Clinton, Ark., upon an account for goods sold upon written order given by appellee to appellant's traveling salesman, on August 16, 1901. Appellee defends upon the ground that he countermanded the order by letter written on August 17, 1901, before acceptance of the order and shipment of the goods by appellant. Upon this issue the jury returned a. verdict for the defendant.

Appellee and his bookkeeper each testified that on August 17 the letter was written and mailed, countermanding the order, addressed to appellant and enclosed in an envelope having directions for return to appellee if not called for, and that same was never returned. It was shown that the letter in due course of mail should have reached appellant two days after mailing.

M. H. Taylor, the business manager of appellant, testified concerning the receipt of the order; that same was held until August 26, pending an investigation as to the solvency of the appellee, and that the goods were shipped on August 27. His testimony concerning receipt of letter countermanding the order is as follows:

"Q. Were any letters ever received from the defendant? A. We received a letter from him dated August 27, in which he states that he had countermanded the order on August 17, and that he would not take the goods from the railroad. Q. Have you that letter? A. Yes, sir. * * * Q. Did you receive the letter which Mr. Sanders refers to as having been sent on August 17, and in which he claims to have countermanded his order? A. No, sir. Q. Did the Merchants' Exchange Company reply to the letter dated August 27? A. Yes, sir. * * * Q. Did you ever receive any other letter from defendant? A. No, sir."

Two employees of appellant, the stock clerk and shipping clerk, testified as to receipt of the order and shipment of the goods.

*Fraser & Fraser,* for appellant.

A contract free from fraud and legally entered into cannot be avoided at the option of either party. 2 Black, 444; Anson, Contr. 363; Bish. Contr. § § 333, 837, 841, 1428; 2 Story, Contr. 845, 977; 27 Ark. 166; 26 Ark. 309. Appellant performed the contract. 2 Kent, 499; 2 Story, Contr. § 805; Burdick, Sales, 165; 50 Mo. 411; 38 Ark. 614; 43 Ark. 353; 44 Ark. 559; 51 Ark. 133; Cooley, Torts, 767; 39 Ark. 157; 44 Ark. 556; 47 Ark. 97. A substantial compliance is all that is required. Bish. Contr. 828; 17 Ark. 228; 26 Ark. 309. Appellee should have first placed appellant in *statu quo.* Bish. Contr. § § 679, 818, 883; 2 Story, Contr. § 844*a*; 4 Ark. 467; 5 Ark. 395; 25 Ark. 196; 17 Ark. 228.

*Sam W. Simpson,* for appellee.

There was evidence to support the verdict of the jury. 51 Ark. 467; 56 Ark. 314; 49 Ark. 122.

McCULLOCH, J., (after stating the facts.) The only question at issue is whether or not the order was countermanded. The order, until accepted by appellant, was not a contract of purchase, but merely a proposal, subject to withdrawal at any time before acceptance. Mechem, Sales, § 252.

The mailing of the letter countermanding the order raises the *prima facie* presumption that the same was duly received by the person to whom it was properly addressed, and places upon him the burden of showing that it was not so received. *Burlington Ins. Co.* v. *Threlkeld,* 60 Ark. 539; *Click* v. *Sample,* 73 Ark. 194; 4 Am. & Eng. Enc. Law, pp. 424, 425; 7 Am. & Eng. Enc. Law, p. 135; 19 Am. & Eng. Enc. Law, p. 608, and cases there cited.

Was this presumption overcome by appellant? The jury found that it was not, and we must draw the strongest inference in favor of that finding that the jury were warranted in deducing from the evidence. *Marshall* v. *Dossett,* 57 Ark. 93; *Robson* v. *Tomlinson,* 54 Ark. 229; *Riggin* v. *Wolf,* 53 Ark. 537; *McCoy* v. *State,* 46 Ark. 141; *St. Louis, I. M. & S. Ry.* v. *Rice,* 51 Ark. 467.

The testimony of witness Taylor only shows that *he* did not receive the letter. He does not show that it might not have been received by some other person in authority connected with the appellant, but, on the contrary, his testimony appears somewhat evasive on that point. He does not state that he had exclusive charge of the correspondence of appellant, or that all communications directed to appellant were usually delivered to him. There is nothing whatever in his testimony to rebut the presumption that the letter written by appellee might not have been received by some other officer, agent or employee of appellant authorized to receive it. *Railroad Co.* v. *Chriscoe,* 57 Ark. 192.

The judgment is therefore affirmed.