### JEWEL TEA CO. v. PLAUT.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1917.)

No. 4765.

INJUNCTION ⬤⟿175—RELIEF AWARDED—DISMISSAL—LIABILITY ON BOND.

Where, in an action to restrain defendant from transacting certain business during a period of one year, in which no damages were claimed, a temporary injunction had been granted on complainant's executing a bond conditioned on indemnifying defendant for all costs and damages, if it should be finally determined that complainant was not entitled to the relief demanded, it was error for the court, on defendant's motion, after the expiration of the year, to dismiss the suit, without determining whether complainant had been entitled to the temporary injunction, since complainant should not be exposed to liability on his bond, in case the doubtful question whether the dismissal of the suit was res judicata as to his liability in an action on the bond was decided against him.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 388.]

Appeal from the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit by the Jewel Tea Company, a corporation, against Joseph E. Plaut. From a decree dismissing the suit on motion of defendant, complainant appeals. Reversed and remanded, with instructions.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Frederick H. Stinchfield, of Minneapolis, Minn., for appellant.

R. E. Plankerton and Charles B. Elliott, both of Minneapolis, Minn., for appellee.

Before CARLAND, Circuit Judge, and RINER and MUNGER, District Judges.

CARLAND, Circuit Judge. Appellant filed its complaint in the court below on March 12, 1915, praying for a temporary injunction restraining appellee from transacting certain business specified therein, and that upon final hearing said injunction be extended to cover a period of 12 months from February 6, 1915. March 13, 1915, an order to show cause why a temporary writ of injunction should not issue as prayed was granted with a restraining clause operative until the decision of the court on said order. 'May 7, 1915, a temporary writ was granted as prayed upon condition that appellant give a bond in the sum of $3,000 indemnifying the appellee for all costs and damages which might be suffered by him in case it should be finally determined that the appellant was not entitled to the relief demanded in its complaint. This bond was duly given. The appellee answered the complaint and the cause having been moved for trial on May 12, 1916, the court upon motion of counsel for appellee dismissed the action upon the ground that the period of one year during which a permanent injunction had been asked had expired. The decree of dismissal stated that in so doing the court, did not pass upon the question as to whether the temporary injunction had been properly granted or not. Appellant has appealed from this decree, claiming that the trial court erred in not hearing evidence and deciding whether the appellant would have been entitled to a permanent injunction had the case been heard before the expiration of the period during which an injunction was asked.

We think that upon the record as presented to us there is much force in appellant's position. It is true the complaint prayed for no damages, but the appellant had given a bond in the sum of $3,000, conditioned that it would pay all costs and damages which appellee might suffer by reason of the temporary injunction in case it should be finally determined that appellant was not entitled to the relief demanded in the complaint. It will be observed that there is no limitation or restriction in the condition of the bond as to the grounds upon which relief should be denied. The decree that was entered determined that the appellant was not entitled to the relief prayed for. On the face of the record a liability on the bond arose for such damages as could be proven. We do not think that appellant ought to be compelled to take the chance of showing in an action at law on the bond that the decree of dismissal was not res judicata upon the question of whether or not appellant was entitled to the relief demanded by it in its complaint. The liability of appellant on the bond presented a substantial controversy which would have clearly authorized the trial court to have proceeded to dispose of the case on its merits. Click v. Sample, 73 Ark. 194, 83 S. W. 932; Joyce on Injunctions, § 432; Duff v. Russell, 133 N. Y. 678, 31 N. E. 622; Langmaid v. Reed, 159 Mass. 409, 34 N. E. 593. Both sides to this controversy have cited the case of Lewis Pub. Co. v. Wyman et al.,

182 Fed. 13, 104 C. C. A. 453, and 228 U. S. 610, 33 Sup. Ct. 599, 57 L. Ed. 989.

Counsel, however, are mistaken in assuming that the bond referred to in the opinion of the court in the Lewis Case was an injunction bond given in the same equitable proceeding. The bonds referred to in that case were indemnity bonds given to a postmaster at St. Louis, Mo., to secure the payment of excess postage. There was no temporary injunction granted. The Supreme Court of the United States in an action seeking to restrain the enforcement of an order of the Interstate Commerce Commission has proceeded to determine the validity of the order of the Commission after the expiration of the period of two years during which the order was to remain in force and did so upon the ground that the order might be the basis of further proceedings. Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U. S. 498, 31 Sup. Ct. 279, 55 L. Ed. 310.

It is urged by counsel for appellee that there has been no suit commenced or threatened on the injunction bond; but the appellant ought not to be left subject to the option of appellee as to whether he will bring an action on the bond or not. What we decide in this case is that the appellant was entitled to protect its liability on the bond by showing in the present action that he would have been entitled to the relief prayed for in its complaint if the delay in the trial of the cause had not been carried beyond the year during which it was asked that appellee be restrained. In an action at law on the bond the decree of dismissal in this case would present a very troublesome question as affecting appellant's liability. We think the more equitable course in a case of this kind is for the trial court to hear the merits of the controversy, so that the question of whether appellant was entitled to the relief demanded in its complaint might be determined.

The decree below is reversed, and the case remanded, with instructions to the trial court to proceed therein in conformity to the views herein expressed.