PROVIDENT LIFE & ACCIDENT COMPANY OF CHATTANOOGA, TENN. v. GRABIEL.

4-2826

Opinion delivered February 13, 1933.

1114

*Buzbee, Pugh & Harrison,* for appellant.

*Louis M. Cohn,* for appellee.

KIRBY, J., (after stating the facts). Appellant first contends that the testimony is not sufficient to support the verdict, and insufficient to prove that any notice was given of the disability under the policy that would warrant a recovery in the case. It is insisted that the presumption that the letter of July 12, 1930, properly mailed to the company, was delivered had been overcome by the rebuttal testimony, and that in any event it was not sufficient notice of loss as required by the terms of the policy.

The testimony showed that the letter was dictated by the insured, written by the stenographer at the hospital on the same day, and thereafter signed by the insured; was addressed accurately to the appellant company at Chattanooga, Tennessee, with the insured's return address on the corner of the envelope, the ward of the hospital in which he was confined being shown thereon; and the stenographer testified that the envelope was stamped properly, that she carried it to the postoffice station and mailed it herself, although she did not remember whether it was sent by registered or air mail, and that the letter was never returned. The insured also testified that it had never been returned.

The instructions on this point about the presumption of the letter having been delivered to and received by the appellant were correct. *Merchants' Exchange Co.* v. *Sanders,* 74 Ark. 16, 84 S. W. 786, 4 Ann. Cas. 955; *Burlington Ins. Co.* v. *Threlkeld,* 60 Ark. 539, 31 S.W. 265; *Southern Engine & Boiler Works* v. *Vaughan,* 98 Ark. 388, 135 S. W. 913, Ann. Cas. 1912 D, 1062; *Knight* v. *American Ins. Union,* 1772 Ark. 303, 288 S. W. 395; *Harper* v. *Thurlow,* 168 Ark. 491, 270 S. W. 607; *Bluthenthal* v.

*Atkinson*, 93 Ark. 252, 124 S. W. 510; *Keffer* v. *Stuart*, 127 Ark. 498, 193 S. W. 83; *Click* v. *Sample*, 73 Ark. 194, 83 S. W. 932; *Taylor* v. *Corning Bank & Trust Co.*, 183 Ark. 757, 38 S. W. (2d) 557; *United Assurance Ass'n* v. *Frederick*, 130 Ark. 12, 195 S. W. 691.

The jury found that the presumption was not overcome by appellant, "and we must draw the strongest inference in favor of that finding that the jury were warranted in deducing from the evidence," as said in *Merchants' Exchange Co.* v. *Sanders, supra*.

Four or five of the employees of the insurance company testified that, if the mail was received and distributed regularly, they would have received or known of such letter and given it to the claim department of the company; but not all the employees, whose duty it was to distribute the mail, who were working for the company during the month of July, when the letter was claimed to have been written, testified, some of them having been replaced by other employees, and the chief of the claim department did not testify at all. Neither was the letter addressed to any particular department of the company, but to the company generally, and it might have been received by the company without going through the hands of the particular employees whose duties it was to properly distribute the mail received. The testimony left the question as to the receipt of the letter for the determination of the jury under all the testimony adduced at the trial, and the jury found that the presumption as to its delivery was not overcome. *Burlington Ins. Co.* v. *Threlkeld, supra;* and *Southern Engine & Boiler Co.* v. *Vaughan, supra*.

This letter of July 12, 1930, informed the company that, as a result of the fall of last December, insured sustained certain injuries which necessitated two operations, giving the name and location of the two hospitals wherein they were performed. That he had not recovered and had been sent to the hospital in Denver three months before this letter was written, and his trouble had been diagnosed as tubercular; advised that its agent through whom the

policy had been taken out had been written to without reply received; that insured had been confined to his bed since April 10, and had been unable to work for several months, in fact, from the date of his second operation on February 4. He said he did not know the amount of the policy, but that it was one giving his wife an income of $100 per month in case of his death; and said that the number on the premium note recently paid was 34,310, and the amount of the premium was $508. This letter, if it could be regarded as insufficient proof of the disability under the terms of the policy, certainly furnished the company all the necessary facts for its ascertainment about the condition; and the company could have waived any additional proofs by not notifying insured that such were required. Exact and full proofs were later demanded and supplied by the insured; and there has been no question raised or intimation even that the disability suffered by the insured did not exist or continue as shown in the proofs.

The disability herein began with the injury that caused it and prevented the insured from the prosecution of any kind of work or business until his recovery, and not with the giving of the notice of such disability, and appellant cannot claim that, notwithstanding it was advised of the time of the beginning of the disability and the duration of its continuance, it could escape payment therefor, except for the last month thereof, because it claimed that it had not had proper notice and proof of such disability, and that it was only bound to the payment of one month's indemnity, notwithstanding the time of its existence, because of failure to give notice and furnish proof thereon. It cannot escape payment therefor under the terms of its policy because of any such claim, and limit payment of the indemnity to one month because of the alleged failure to give the notice about and furnish the proof of such disability under the circumstances of this case.

We find no error in the record, and the judgment is affirmed.