J.M. Fruitts had a $1,000 life insurance policy in the Idaho Mutual Benefit Association with originally his wife, Gertrude M. Fruitts, as beneficiary. October 2, 1933, his wife having died, the Association changed the name of the beneficiary to Harriet T. Willman. Following J.M. Fruitts' death, the Idaho Mutual Benefit Association filed in the District Court a petition asking that the conflicting rights and claims of appellant and respondent to the $1,000 policy be determined, the money to be paid into court for that purpose, and made no resistance to either appellant's or respondent's claim. Appellant was Mr. Fruitts' housekeeper for a time at least following Mrs. Fruitts' death, respondent is his married daughter. *Page 275 
Respondent contends that the request for change of beneficiary from Mrs. Fruitts to Mrs. Willman was not in fact signed by Mr. Fruitts or authorized by him, and further rests her claim upon a later asserted request for change of beneficiary contained in defendant's Exhibit "9" as follows:
"I John M. Fruitts do hereby state that the change of beneficiary in my Life Insurance Policy in the Idaho Mutual Benefit Association said policy No. _____ made on the _____ day of _____ 1933 in which said change the beneficiary was changed from Gertrude Fruitts to Harriett T. Willman was never by me intended to be such change but only intended to be made as security for the amount due to said Harriett T. Willman from me. Said sum being approximately the sum of $100.00.
"I hereby further state that I do hereby revoke the said change of beneficiary and request that the beneficiary be changed to my daughter Alice Fruitts Bumgarner of Nampa Idaho.
"I further state that the said insurance policy is now lost and can not be found and I request that a new policy be issued instead of the one now lost.
 "X his mark "JOHN M. FRUITTS.
"Signed in presence of CHAS. HOWLAND.
"D.L. CARTER.
"Dated Dec. 1, 1933.
"On this first day of December 1933 personally appeared John M. Fruitts, personally known to me to be the person who executing the foregoing statement and acknowledged to me that he did execute the same.
"My commission expires Jan. 19, 1937.
 "D.L. CARTER "Notary public "Weiser, Idaho."
alleged to have been sent to the Idaho Mutual Benefit Association December 6, with this letter, defendant's Exhibit "8": *Page 276 
"December 6, 1933.
"Idaho Mutual Benefit Association "Boise, Idaho "Gentlemen:
"I am enclosing a statement that John M. Fruitts signed before a Notary Public, which I think is self explanatory. You will note that it is not the intention of Mr. Fruitts to avoid payment of his indebtedness to Mrs. Willman, but merely to make it plain he never intended an absolute assignment of the policy. I am not expressing an opinion as to whether Mrs. Willman was trying to impose upon Mrs. Fruitts or get any more than is justly due her, but at the same time the family thought this precaution should be taken and I think it is in accordance with the letter your office wrote concerning it.
"I presume these two assignments taken together would mean that in case of death, Mrs. Willman's name would be written upon the settlement check unless you should accept this as a complete revocation of the family assignment. You will note in this revocation that the policy number and date is blank on the first page. This was because Mr. Fruitt's daughter was wholly unable to find the policy. It occurs to me that probably Mrs. Willman had it. Please supply the dates.
"Please acknowledge receipt of this assignment. I rather expect to be in Boise soon and if so will try and call at your office.
 "Very truly yours, "(signed) D.L. CARTER."
The Association never acted upon this request for change of beneficiary and appellant objected to their introduction as follows:
"BY MR. ANDERSON: At this time we offer in evidence defendant's exhibits No. 8 and No. 9.
"BY MR. DONART: To which the plaintiff objects upon the ground that the same are incompetent, that they are irrelevant likewise, and likewise immaterial. That this objection I am making just goes to exhibit No. 9, in that it is or *Page 277 
purports to be a written hearsay statement, self-serving statement signed by mark by John M. Fruitts, not executed in the presence of or addressed to the plaintiff Harriet T. Willman, and that it would constitute nothing more than an hearsay statement and has no more value as evidence as a written instrument than it would have as an oral statement; that it is immaterial in that it neither tends to prove or disprove any issue in this case, in that it is not an assignment or change of beneficiary of the policy sued upon of the type and manner required by the policy or the bylaws of the company; that it is not shown by the evidence that it was received by the insurance company during the lifetime of J.M. Fruitts, and that it does not in any sense constitute a change of beneficiary.
"We object to the introduction of exhibit No. 8 upon the ground it is a letter written by D.L. Carter to the Idaho Mutual Benefit Association — neither written by, addressed to, or ever received by the plaintiff Harriet T. Willman — containing self-serving statements or statements intended to serve and promote the interests of his client; and upon the further ground it is not shown that it was received during the lifetime of J.M. Fruitts in that the pleadings disclose J.M. Fruitts died on the 7th day of December, and the instrument is dated December 6th. There is no evidence as to whether or not it was mailed or when it was received.
"BY MR. ANDERSON: As to one point in Mr. Donart's objection, I think probably we should call and we are now waiting for a witness who we expect to put on the stand to testify to the mailing of these exhibits, and on that point I will ask permission to put on that proof. The remainder of the objection can stand."
As to appellant's contention that this request (defendant's Exhibit "9") for change of beneficiary was not on a form supplied by the company, the evidence shows without dispute that the company at that time had no forms. As to the objection that the request was not directed to nor received by Mrs. Willman and that a change of beneficiary might be made only by strict compliance with the policy and by-laws of the *Page 278 
institution, the policy not only did not provide that notice had to be given the beneficiary before the change, but was expressly to the contrary:
"FOURTH: The Member shall have the right at any time to change the beneficiary, without notice to or the consent of such or any beneficiary by giving notice in writing to the Association, upon forms furnished by the Secretary of the Association. . . . . In case of any dispute as to whom payment shall be made, the Association reserves the right to pay same into a Court of competent jurisdiction for a proper adjudication of the matter."
and appellant did not introduce any by-law of the company, nor has she pointed out wherein the request for change of beneficiary as contained in defendant's Exhibit "9" did not comply with all the requirements of the Association.
The testimony with regard to the sending of this request to and its receipt by the Association was given by Mr. Carter, evidently acting as attorney for Mr. Fruitts, and his stenographer, Miss Hansen, and Mr. Borup, Secretary of the Association, to the effect that the request for change of beneficiary and the letter were received by Mr. Borup, but he did not remember when, that the letter was dictated on the 6th and in the usual course of the office practice of Mr. Carter would have been typed and sent on the 6th or 7th, that mails left Weiser for Boise 10:48 A. M. and 12:26 A. M. Mail sent out from Weiser for the Association usually reached the Association on the same or following day and that the Association got its mail three times during week days and once on Saturday. (December 6 was on a Wednesday in 1933.)
The court reserved its ruling on the exhibits and never thereafter, except by its judgment in favor of respondent, directly ruled as to their admission. The trial was commenced to a jury, but after a motion for nonsuit was made the jury was excused for argument thereof, and this stipulation was then entered into by the parties.
"BY MR. DONART: It is stipulated by and between counsel for the respective parties that the jury in this case may *Page 279 
be discharged and all questions of law and fact decided by the Court; that if in the opinion of the Court there exists in the record sufficient evidence to create a question of fact to have submitted to a jury had the case been tried before a jury, upon the question of whether or not defendant's exhibits numbered 8 and 9 were received by the insurance company prior to the death of J.M. Fruitts, that the question shall be resolved in favor of the defendant Alice Fruitts Bumgarner and the Court shall find that the exhibits were received by the insurance company during the lifetime of J.M. Fruitts.
"BY MR. ANDERSON: That covers it, I think, with the further stipulation that at this time both parties rest."
Appellant's assignments of error raise two points: First that these two exhibits, "8" and "9," were never admitted, therefore there was nothing before the court upon which it could predicate a finding that the request for change of beneficiary to respondent was received prior to Mr. Fruitts' death, and that if the exhibits be considered as having been admitted and considered by the court, still the evidence is deficient in the same particular.
A fair and impartial interpretation of the stipulation leads to the conclusion that both parties intended the judge should consider the exhibits in determining whether there was sufficient evidence to go to the jury on the question of when they were received. The judgment of the court in respondent's favor is conclusive that the judge did consider the exhibits as having been admitted, and amounted to the determination of his reserved ruling favoring their admission.
While much of the argument on both sides revolves around the question of whether the request for change of beneficiary was received prior to Mr. Fruitts' death, the evidence shows without conflict that it was in fact received by the Association. The applicable presumption is:
"The rule is well settled that, if a letter is properly mailed, it is presumed that it reached the party to whom it was addressed, and was received by him in the due course of mail. *Page 280 Burlington Ins. Co. v. Threlkeld, 60 Ark. 539, 31 S.W. 265;Planters' Mut. Ins. Co. v. Green, 72 Ark. 305, 80 S.W. 151;Click v. Sample, 73 Ark. 194, 83 S.W. 932; Merchants' ExchangeCo. v. Sanders, 74 Ark. 16, 84 S.W. 786 [4 Ann. Cas. 955];Bluthenthal v. Atkinson, 93 Ark. 252, 124 S.W. 510; Rosenthalv. Walker, 111 U.S. 185, 4 Sup. Ct. 382, 28 L. ed. 395." (Southern Engine Boiler Works v. Vaughan, 98 Ark. 388,135 S.W. 913, Ann. Cas. 1912D, 1062.)[1]
Therefore the time of the letter's receipt may be considered as before or at least very shortly, that is within a day or two, after his death. Mr. Fruitts having done all within his power to secure a change of beneficiary, and so far as the record discloses not having failed to comply with any requirement of the Association, even though the request was received after his death, it was sufficient. (Mutual Life Ins. Co. of N.Y. v.Lowther, 22 Colo. App. 622, 126 P. 882; Johnston v. Kearns,107 Cal.App. 557, 290 P. 640; Bell v. Criviansky, 98 Mont. 109,37 P.2d 673; Ladies of Modern Maccabees v. Daley,166 Mich. 542, 131 N.W. 1127; Brajovich v. Metropolitan Life Ins.Co., 189 Minn. 123, 248 N.W. 711; Walsh v. Sovereign Camp,Woodmen of the World, 148 Mo. App. 179, 127 S.W. 645; Brown v.Union Central Life Ins. Co., (Tex.Civ.App.) 72 S.W.2d 661;State Mut. Life Assur. Co. v. Bessett, 41 R.I. 54,102 Atl. 727, L.R.A. 1918C, 971; White v. White, 194 N.Y. Supp. 114.) *Page 281 
The court therefore properly entered judgment for respondent. This conclusion renders it unnecessary to consider the other points raised. Costs to respondent.
Budge and Holden, JJ., concur.
Ailshie, J., expresses no opinion.
[1] American Surety Co. of N.Y. v. Blake, 54 Idaho 1,27 P.2d 972, 91 A.L.R. 153; Avisais' Case, 285 Mass. 56,188 N.E. 497; Eveland v. Lawson, 240 Mass. 99, 132 N.E. 719; Keogh v.Peck, 316 Ill. 318, 147 N.E. 266, 38 A.L.R. 1151; RowntreeBros. v. Bush, 28 Ga. App. 376, 111 S.E. 217; Continental Nat.Bank v. Discount Deposit State Bank, 199 Ind. 290,157 N.E. 433; National Live Stock Ins. Co. v. Wolfe, 59 Ind. App. 418,106 N.E. 390; Scheidel Western X-Ray Co. v. Bacon, (Mo.App.)201 S.W. 916; Pure Oil Operating Co. v. Gulf Refining Co.,143 La. 284, 78 So. 560; Collins v. Swan-Day Lumber Co., 158 Ky. 231,164 S.W. 813; Pocahontas County v. Katz-Craig ContractingCo., 181 Iowa, 1313, 165 N.W. 422; Western Union Telegraph Co.v. McDavid, 103 Tex. 601, 132 S.W. 115; Ruder v. NationalCouncil, Knights and Ladies of Security, 124 Minn. 431,145 N.W. 118; City of Omaka v. Yancey, 91 Neb. 261, 135 N.W. 1044.