# MOUND CITY PAINT AND COLOR COMPANY, RESPONDENT, *v.* THE COMMERCIAL NATIONAL BANK, OF OGDEN, APPELLANT.

NATIONAL BANKS. –IMPLIED POWERS. –The business of collecting commercial paper is a part of the regular business of national banks, and is within the powers implied by the creation of such an institution.

NEGLIGENCE IN COLLECTING DRAFT. –The defendant bank received from the plaintiff for collection a sight draft on B. & S., the draft was accepted and the plaintiff notified thereof; the defendant, without further notification or taking any steps to collect the draft, held it for forty-seven days and then returned it as uncollectible; during all of this time B. & S. were known by defendant to be insolvent, but had property worth more than the amount of the draft which was covered by an invalid deed of trust. Two days after the return of the draft B. & S. made an assignment for the benefit of creditors, to L. the vice-president and a director of defendant, preferring a debt due defendant; held that defendant was guilty of such neglect of duty in respect to the draft as to render it liable for the amount thereof.

APPEAL from a judgment of the district court of the first district. The opinion states the facts.

*Mr. Ransford Smith*, for the appellant.

*Mr. James N. Kimball*, for the respondent.

ZANE, C. J. :

The plaintiff (a corporation under the laws of the state of Missouri, and doing business at St. Louis in that state) instituted its action against the defendant (a corporation under the laws of the United States, engaged in the busi-

ness of banking at Ogden, Utah), on a bill of exchange for two hundred and fifty-four dollars and forty-three cents, drawn by plaintiff on Bishop & Schaeffer, a firm at Ogden, payable at sight to the defendant.

The complaint contained the allegation, among others, that defendant undertook to collect the draft described. The defendant interposed a demurrer to the complaint, which was overruled by the court. This ruling the defendant assigns as error.

The defendant insists that the business of collecting drafts is *ultra vires* of a national bank, and for that reason the undertaking to collect was not binding on the defendant. "The business of collecting commercial paper is a part of the regular business of banking, and it is not necessary that the charter of the bank should specifically confer the power to engage in it upon the bank, as it is plainly within the powers implied by the creation of such an institution:" 1 Daniel on Negotiable Instruments, sec. 324. The business of collecting commercial paper is a part of the regular business of banking when carried on under national as well as under other bank charters: *Exchange Nat. Bank* v. *Third Nat. Bank,* 112 U. S., 276; *Merchants' Nat. Bank* v. *Goodman,* 1 Cent. Rep., 428. This was the only ground upon which the demurrer was urged. We are of the opinion that the exception to the ruling of the court on the demurrer was not well taken.

When the cause came on for trial, counsel for the plaintiff moved for judgment on the complaint and answer, which motion the court allowed, and entered judgment against defendant for three hundred dollars, and thirty-two dollars and ten cents costs. This action of the court the defendant also assigns as error. The allegations of the complaint, with the admissions and denials of the answer, present the following facts, in substance. The plaintiff, a corporation doing business in St. Louis, Missouri, drew its bill of exchange on Bishop & Schaeffer, a firm doing business in Ogden, Utah, for a debt due the plaintiff, payable to defendant at sight, and sent this bill to defendant for collection without further instructions, who received it in the usual course of its business on No-

vember 24, 1884. On the same day defendant presented it to the drawers, and demanded payment. They failed to make payment, and defendant took their acceptance and immediately notified plaintiff of the receipt of the draft and of the acceptance. The defendant held it until the tenth day of January following, a period of forty-seven days, and then returned it by mail to plaintiff, with the statement that defendant had been unable to collect. During the time the draft was so held defendant paid checks of Bishop & Schaeffer drawn on it largely in excess of plaintiff's bill of exchange; such checks were overdrafts, and paid out of funds of the bank. It also appears that before the defendant received the bill of exchange, Bishop & Schaeffer had made a deed of trust of their property, the value of which was largely in excess of the amount of such bill of exchange, to Harkness & Co., in order to secure a debt due that firm. And upon ascertaining that the same was defective and invalid, Bishop & Schaeffer, two days after defendant had returned the draft, made an assignment of the same property to one Jesse M. Langsdorf, who was a member of the firm of Harkness & Co., and also vice-president and a director of the defendant bank. In this assignment defendant was preferred in a sum larger than the amount of plaintiff's draft. The amount so preferred was indebtedness due defendant, for the payment of which Harkness & Co. were indorsers for Bishop & Schaeffer. After this assignment Bishop & Schaeffer were totally insolvent. In view of these facts admitted by the pleadings, was the judgment erroneous? The bill of exchange was due upon presentation. It was placed in defendant's hands for collection. It was defendant's duty to take appropriate steps necessary for its prompt payment and, if defendant could not collect the same, to return the draft at once, or promptly to inform the plaintiff of such non-payment. The defendant states in its answer that Bishop & Schaeffer were insolvent during the time it held the note, yet it did not inform the plaintiff to that effect. The answer admits that during all that time the drawees had a large amount of property on which there was an invalid deed of trust. Had the defendant promptly

informed the plaintiff of the financial condition of Bishop & Schaeffer, the plaintiff could have taken steps to subject the property covered by that deed of trust to the payment of this debt. It appears that the only information defendant gave plaintiff during the forty-seven days that it held the draft, was that the draft had been received for collection and had been accepted; and this information was given on the day that the draft was received.

The facts admitted by the answer show such neglect of duty by the defendant, with respect to the bill of exchange sued on, that it would render the defendant liable for the amount thereof and interest: 1 Daniels on Negotiable Instruments, sec. 327; *Exchange National Bank* v. *Third National Bank*, 112 U. S., 276; 3 Sutherland on Damages, 17, 18. At the hearing of this appeal, plaintiff remitted, by leave of this court, $    of the judgment of the court below, being all in excess of the face of the draft, interest and costs.

The judgment of the court below is affirmed.

POWERS, J., and BOREMAN, J., concurred.