[ No. 2396. Decided November 27, 1896.]

JOHN B. AULT, *Respondent*, v. INTERSTATE SAVING AND LOAN ASSOCIATION, *Appellant*.

ACCOUNT STATED — WHAT AMOUNTS TO — EVIDENCE — PRESUMPTIONS.

An account made out by one and presented to the person against whom the charges are made, and not objected to by him within a reasonable time, will be taken to have been consented to so as to become stated, the determination of what is a reasonable time depending upon all the circumstances surrounding the business transactions of the parties.

When the facts in regard to the statement of an account are agreed upon, the question of what is a reasonable time within which the account will be presumed to become stated, is one of

law; and, when the facts are not agreed upon, it is a mixed question of law and fact.

The presumption that an account had been consented to so as to become a stated account is not warranted by proof showing that an attorney had presented his bill for services to a client in another city, and that, some twenty days after the receipt of the letter, the latter had written asking for information in order to determine as to the justness of the account, which the attorney failed to give; and the fact that the client had not denied the bill rendered would not show an agreement thereto, so long as the demand for information had not been complied with.

The presumption that a letter duly mailed has reached its destination will have but little weight against positive testimony to the effect that it was never received.

Appeal from Superior Court, Snohomish County.— Hon. J. C. DENNEY, Judge.   Reversed.

*Shank & Smith,* for appellant.
*Coleman & Hart,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.— It was alleged in the complaint filed in this action that on the 26th day of August, 1895, an account was stated between the plaintiff and defendant, upon which statement a balance was found to be due from the defendant to the plaintiff of $1,873.25; that said defendant then and there agreed to pay the said sum, but that it had not paid the same nor any part thereof.   Defendant's answer denied that any account had been stated, or that it had agreed to pay the respondent as alleged in his complaint; and further denied that defendant had agreed to pay the plaintiff any sum whatever which had not been paid.   Such answer also set up certain counterclaims and asked for judgment thereon.   The items of these counterclaims were admitted in the reply of the plaintiff, but it was alleged that the amount

thereof had been credited to the defendant in the stated account sued upon.    Upon the issues made by these pleadings a trial was had, and a verdict returned by the jury in favor of the plaintiff, upon which, after a motion for a new trial had been made and denied, judgment was rendered for $1,959.90, in favor of the plaintiff and against the defendant.

One of the errors alleged is that the evidence was not sufficient to sustain the verdict.    Plaintiff testified that on August 26, 1895, he made up an account against the defendant in substantially the following form:

"Inter-State Savings & Loan Ass'n,
                                 Minneapolis, Minn.
To John B. Ault, Dr.
    To services rendered between the years
        1889 and 1895,    . . . . . .    $1,720.00
    To Hudson & Sipprell and Stingley and
        Downs foreclosure suits,    . . .      195.00
    To Gustav Sorenson foreclosure suit, .       60.00
    To Nelson Eddy          "          "   .       60.00
    To draft C. B. Aldrich,    . . . . .       100.00
    To interest on above draft,    . . . .        50.00
    To withdrawal value of Zwiefelhofer and
        Zelhi certificate of stock assigned
        over for a valuable consideration,    185.83
                                           _____
                                           $2,370.83
                       Credits.
By cash,    . . . . . . . .    $85.00
  "  ½ M. D. Montgomery's due,    . . .                 "

That in connection therewith he wrote a letter of transmittal of which the following is a copy :

"Dictated by J. B. A.
                "SNOHOMISH, WASH., Aug. 26th, 1895.
" *Inter-State Savings & Loan Association,*
    " *Minneapolis, Minn.*
    " *Gentlemen* : — Enclosed please find my bill for ser-

vices rendered for you per your request; also Hudson & Sipprell and Stingley & Downs foreclosure cases; also Gustav Sorenson foreclosure suit; also Nelson Eddy foreclosure suit; also draft of C. B. Aldrich and interest; also withdrawal value of Zwiefelhofer & Zelhi stock No. 2,651. I have credited your account with the eighty-five ($85.00) dollars you sent me; also will credit your account with the amount due you from M. D. Montgomery's one-half on the Phoebe Steacy loan when you send it to me.

" I want to say that you will be indebted to me in damages for all business you give to any other attorney for this county under my contract with you.

" Asking you for an immediate settlement, I remain,
    " Yours truly,        JOHN B. AULT."

He further testified that at the same time he wrote an additional letter of which the following is a copy :

                                " Aug. 26th, 1895.
" *Inter-State Savings & Loan Association,*
    " *Minneapolis, Minn.*

" *Gentlemen :*— Since writing the enclosed letter and making up the enclosed statement of my bill against you, I left the Montgomery item blank which I have by looking the matter up found it to be $412.58; so add it to the $85.00 cash received credited on enclosed bill, and it will make a total credit due you of $497.58. Deduct same from the total of my bill of $2,370.83 and it leaves a balance due me of $1,873.25.

        " Yours truly,        JOHN B. AULT."

That he inclosed it with the account and the other letter and mailed the package containing these inclosures to the defendant on said 26th day of August, 1895. This letter in due course should have reached the defendant about four days after it was mailed, and the testimony upon the part of the defendant showed that an envelope containing the account and letter first above set out was received at its office in Minneapolis. But it also showed that the second letter was

never received by defendant. The testimony in be-
half of the defendant further showed that at the time
this account and letter of transmittal were received,
its president and general manager was out of the city
for a few days, and that his presence was necessary
before it could receive attention; that for this reason
no action was taken upon the account rendered by
the plaintiff until September 19, at which time a let-
ter was written by the general manager of the defend-
ant to the plaintiff, of which the following is a copy:

"Sept. 19th, 1895.

"*Mr. John B. Ault,*
     "*Snohomish, Wash.*

"*Dear Sir:*—Your of the 26th ult. with account in-
closed comes to my desk for consideration.

"As we are without data as to the alleged contract
mentioned in the last paragraph of your favor, and as
the terms of such contract will probably enter into
the consideration of the account, we will be obliged to
you for a copy thereof and promise you that an early
day after the receipt of the same your bill shall be
taken up and considered upon its merits.

            "Yours truly,
            "HORACE AUSTIN, Gen'l Manager."

This letter was sent to the plaintiff by registered
mail and the return receipt showed that it was de-
livered about the 24th day of September. No action
was taken in reference thereto by the plaintiff until
September 30, 1895, at which time his testimony
tended to show that he wrote and mailed to the de-
fendant a letter in the following language:

                  "Sept. 30th, 1895.
"*Horace Austin, Esq., Gen'l Manager,*
     "*Inter-State Savings & Loan Association,*
          "*Minneapolis, Minn.*

"*Dear Sir:*—Yours of the 19th inst. to hand. The
first item of my bill rendered you is for work done for

the Association at its special instance and request and therefore is executed and you are well aware of that work done and that the price is reasonable.

"I told the Association when in your city the last time that I had paid for the attorneyship for this county and related the facts with your Secretary Mendel and he said it was all right and would acknowledge that I had a good contract.

"As I stated in my letter of the 26th of August last that I would hold the Association liable in damages for all business it would give to any other attorneys outside of myself for this county under my contract with the Association.    I still adhere to that.

"I shall take it the Association has agreed to my bill rendered if it does not deny the same.

"Yours truly,            JOHN B. AULT."

The testimony on the part of the defendant was to the effect that this letter was never received by it.   On the 19th of October following the complaint in this action was verified and on the 26th of the same month the action was commenced.

This statement contains all the proofs relied upon by the plaintiff to show that the account had become stated between himself and the defendant, and substantially all that was proven by the defendant to negative this claim of the plaintiff.   Some other facts were relied upon by the defendant, but in our opinion it is not necessary to notice them in deciding the question as to the sufficiency of the proof to sustain a verdict, which could only have been rendered by reason of proof of an account having been stated between the plaintiff and the defendant, as alleged in the complaint.

That an account made out by one and presented to the person against whom the charges are made, and not objected to by him within a reasonable time, will be taken to have been consented to so as to become

stated, is shown by nearly or quite all modern authorities. The old decisions to the effect that this rule applied only to transactions between merchants has become obsolete, and it is now held to apply to all classes, uninfluenced by their relation to each other, except that such relation will be taken into consideration in determining as to what is a reasonable time within which a failure to object will be held to have amounted to a consent that the amount is correctly stated. As to what is such reasonable time, when the facts are agreed upon, is under all the authorities a question of law, and, when the facts are not agreed upon, it is a mixed question of law and fact. In either case, what is a reasonable time will depend upon all the circumstances surrounding the business transactions of the parties, and until there has been such a delay in making the objection that in the light of all such circumstances it could not have been reasonably expected, a consent to the correctness of the account will not be presumed.

Under these rules, was there such delay on the part of the defendant as to make the account in question a stated one, even if the proofs offered on the part of the plaintiff were taken to be true and not to have been affected by any testimony offered on the part of the defendant? All that was shown by these proofs was that on August 26th the account was mailed to the defendant in Minneapolis; that nothing was done in reference thereto until September 19th, at which time certain information was asked of the plaintiff to enable the defendant to determine as to the justness of the account, and that in his reply to the letter asking this information the plaintiff neglected to give to the defendant the information requested; that thereafter nothing was done until the commencement of the

action on October 26th. And in our opinion it did not appear therefrom that there had been such a failure to object on the part of the defendant as to warrant the assumption that the account had been consented to. It is true that there was a delay of some fifteen or twenty days from the time it received the letter containing the account before it called for information in reference thereto. But in view of the course of business between the parties, such delay was not in itself so unreasonable as to warrant the assumption that the account had been approved. Nor was the lapse of twenty or twenty-five days after the receipt by the defendant of plaintiff's letter of September 30th sufficient for that purpose, especially in view of the delay of the plaintiff in answering defendant's letter of the 19th. Beside, it may well be questioned whether the failure to further object to the account for any length of time would have amounted to a consent thereto after the letter of September 19th calling upon the plaintiff for information had been written, until the information therein called for had been furnished, or the failure to furnish it explained.

In our opinion the plaintiff failed to make out a *prima facie* case but even if such a case was made out it was entirely overcome by the undisputed proofs on the part of the defendant. If the second of the letters above set out never reached the defendant, then there never was such an account rendered as could by any lapse of time become an account stated. One of the items of such account was not filled out; hence it was not a complete statement of the account between the parties. If this letter was received with the account it was probably sufficient to complete it. But while the testimony on the part of the plaintiff may have been sufficient to raise a presumption that it was re-

ceived, that presumption was entirely overcome by the testimony on the part of the defendant, which was to the effect that such letter had never been received. The letter might have been inclosed as stated by plaintiff, and yet never have come to the attention of the defendant. If it was in the envelope, the fact that the account was there with one letter of transmittal may have led the defendant to overlook the second letter. The *prima facie* showing made by the plaintiff as to the letter of September 30th was even more completely overcome by the testimony on the part of the defendant. From the mailing of the letter to the defendant but a *prima facie* presumption that it was received in due course of mail arose, and when the defendant testified in express terms that it was not received, this presumption was entirely negatived; not because such testimony was in conflict with that of the plaintiff, but because it overcame a presumption flowing from the acts proved. A letter mailed to a person does not necessarily reach him, and while for convenience sake and from the necessity of business its reception will be presumed, this presumption flowing from the fact that letters usually reach their destination, can have little weight as against positive testimony to the effect that the letter was never received.

It does not appear from all the proofs that the account was consented to by the defendant. It follows that the judgment must be reversed; but, in view of the circumstances and of the lapse of time since the action was brought, justice will be best subserved by remanding the cause for a new trial with leave to file amended pleadings.

DUNBAR, ANDERS and GORDON, JJ., concur.