THE FLEMING & AYERST COMPANY OF CHICAGO v. J. E. EVANS AND JONATHAN THOMAS, *Partners*.

No. 657.* (61 Pac. 503.)

PAYMENT—*Remittance by Mail—Insufficient Address.* A. enclosed a draft in an envelope which was properly stamped and addressed to B. at Chicago, Ill. A. knew the street and number of B. but did not, so far as the evidence shows, place any address upon the envelope but B.'s name and the words "Chicago, Ill." *Held*, that the latter was not so addressed that a jury would be warranted in drawing an inference that it was actually received by B.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed June 16, 1900. Reversed.

*J. Harvey Frith*, for plaintiff in error.

*H. D. Dickson*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: Evans & Thomas, the defendants in error herein, bought, on credit, a bill of lumber of

* Petition for order to certify allowed by supreme court August 13, 1900.—REP.

the Fleming & Ayerst Company, a firm doing business in the city of Seattle, Wash.  The account was by them assigned to the Fleming & Ayerst Company of Chicago, which duly notified Evans & Thomas of such assignment.  The two companies were separate and independent concerns, none of the members in either having any interest in the other, although their names were identical, except as to the designation of their respective locations.  It appears that the Chicago concern had a contract with the Seattle company to purchase its accounts east of the Rocky mountains.

The Fleming & Ayerst Company of Chicago brought suit to recover upon the account.  Defendants pleaded payment, and also alleged that the Chicago company was organized for the purpose of handling the accounts of the Seattle company and thereby cheating and defrauding the creditors and customers of said Seattle company.  The case was tried to a jury, which returned a verdict for the defendants.  A motion for a new trial was by the court overruled and judgment rendered for defendants.  Plaintiff brings the case here.

Several grounds of error are assigned by plaintiff in error, but we think that the case turns on the question, Was there some evidence to support the verdict?  Defendants below introduced evidence to prove that they bought a draft for the amount of the account, and that such draft was indorsed to the Fleming & Ayerst Company and enclosed in an envelope properly stamped and addressed to Chicago, Ill.  Upon the trial, it seems to have been contended by plaintiff that the letter had by mistake been sent to the Fleming & Ayerst Company at Seattle, Wash., and that as this company was an independant concern payment had not been made to the Chicago company.  We find nothing whatever

in the record to show that the two companies were in any way connected.   Mr. Carey, president of the Chicago company, testified that the account had not been paid.   The account and assignment were admitted by defendants and the only issue was as to payment.

Admitting that a draft for the amount of the account was purchased, indorsed to the Fleming & Ayerst Company and enclosed in an envelope properly stamped, addressed to Chicago, Ill., and deposited in the post-office, it does not follow that payment was proved.   As a general rule, the duty lies on the debtor to pay his debt to his creditor personally, or to his authorized agent.   The burden of proof to show payment of a debt is not sustained by proof that a letter containing the requisite amount was duly deposited in the post-office.   The debtor must go further.   He must show that the creditor authorized this mode of remittance, either by express assent or direction, or by such usage and course of dealing from which such assent may be fairly inferred.   (2 Greenl. Ev. § 525 ; *Gurney v. Howe,* 9 Gray [ Mass.] , 404, 69 Am. Dec. 299 ; *Burr v. Sickles,* 17 Ark. 428, 65 Am. Dec. 437.)

We have carefully examined the record, but find no evidence tending to show that the Fleming & Ayerst Company of Chicago authorized defendants in error to make remittance by mail, nor is there evidence of such usage and course of dealing that assent may fairly be inferred.   So far as the evidence shows, defendants in error had not, prior to this particular transaction, done any business with such company, and had never before made a remittance to that company by mail or in any other manner.

It is true that a letter properly addressed, stamped and deposited in the post-office, is presumed to have been received by the person to whom it is directed.

Perhaps it is more nearly accurate to say that the fact that a letter properly addressed is deposited in the post-office with postage prepaid is *prima facie* evidence that the person to whom it is addressed received it, and that the inference, based on the fact that letters usually reach their destination, may be overcome by other evidence, it being a question for the jury.

Mr. Carey, who was president of the Fleming & Ayerst Company of Chicago testified that the account had not been paid. Upon the question as to whether or not the positive testimony of the party addressed that he did not receive the letter is sufficient to overcome the presumption that the letter was, in fact, received, we find a conflict of opinion. The supreme court of Washington has held that such presumption is overcome by direct testimony of the person to whom the letter is sent that it was not received (*Ault v. Interstate Savings & Loan Ass.*, 15 Wash. 627, 47 Pac. 13), while the supreme court of Alabama has held that it is for the jury to determine whether the presumption is overcome by such evidence. (*Steiner et al. v. Ellis* [Ala.], 7 So. 803.) We are inclined to favor the rule laid down in the Alabama case as being the better one, but do not base our decision upon that question. The evidence shows that the draft was mailed by a Mr. West, who was the bookkeeper for defendants in error. West testified that he noticed the assignment stamped upon the invoice received by Evans & Thomas and that he read the address of the Chicago company. The assignment was as follows :

" The above and foregoing account has been transferred by us to the Fleming & Ayerst Company of Chicago, to whom payment thereof is to be made, at 218 Home Insurance Building, Chicago, Ill.

FLEMING & AYERST COMPANY, Seattle.
By E. A. AYERST, *Secretary.*"

In answer to the question, "What address did you put on the envelope?" West replied, "Chicago, Ill."

We do not think that the letter was so addressed that the jury would be warranted in drawing an inference that it was actually received by the Fleming & Ayerst Company of Chicago. In a large city like Chicago, it frequently happens that there is more than one firm bearing the same name. It is a general custom in such city to deliver mail to the street and number of the person addressed, and if mail is not so addressed it not infrequently happens that it is not received by the person for whom it is intended. The presumption that a letter is received by the person to whom it is addressed should have some reasonable limitation placed upon it, and we do not think that evidence that a letter was simply addressed to Chicago, Ill., would be sufficient to support an inference that the letter was actually received. If the draft had been indorsed to the Fleming & Ayerst Company of Chicago, and enclosed in an envelope addressed to such company at 218 Home Insurance Building, Chicago, Ill., the question of payment would probably not have arisen.

We think that the motion for a new trial should have been sustained, and the judgment of the district court is therefore reversed.