(October 30, 1926.)

## DEE MATLOCK, Respondent, v. CITIZENS NATIONAL BANK OF SALMON, a Corporation, Appellant.

[250 Pac. 648.]

BANKS AND BANKING—LOSS OF CHECK BY COLLECTING BANK—AGENCY —NEGLIGENCE—REGISTRATION OF MAIL—EVIDENCE—INSTRUCTIONS —JUDICIAL NOTICE.

1. Presumption arises that letter, properly addressed, stamped and deposited in postoffice, arrived in due course at its destination.

2. On failure of letter to arrive at its destination, presumption arises that it was never mailed.

3. Loss of check by collecting bank was *prima facie* evidence of negligence, placing upon bank burden of establishing that forwarding for collection was such as constituted due diligence.

4. Collection of check by bank is not gratuitous obligation, but is ordinary contract of agency based on sufficient consideration.

5. Agency of bank in collecting check was not concluded on discovery of loss of check, where forwarder was not notified that he would have to shift for himself, but was assured that bank would look further into matter of collection.

6. Failure of collecting bank after loss of check to present it to bank at which it was payable as lost instrument constituted negligence.

7. Instruction on negligence of collecting bank in failing to forward check by registered mail, although improper under evidence of custom of forwarding by ordinary mail, *held* harmless, where evidence showed negligence of bank in failure to use diligence after discovery of loss.

8. Judicial notice may be taken that Salmon City postoffice was registry office.

**9.** It is matter of general knowledge that registration of mail guarantees a stricter responsibility on part of supervising government.

**10.** In absence of evidence of bank's custom in forwarding checks for collection, negligence in failure to transmit by registered mail is question for jury.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Raymond L. Givens, Judge.

Action for negligence in collection of check. Judgment for plaintiff. *Affirmed.*

John H. Padgham and Frank T. Wyman, for Appellant.

One who gives a check to a bank for collection is held to have implied knowledge of its custom in dealing therewith and is bound by that custom. (Morse on Banks and Banking, 5th ed., secs. 9, 221; *Davis v. First Nat. Bank,* 118 Cal. 600, 50 Pac. 666; *San Francisco Nat. Bank v. American Bank,* 5 Cal. App. 408, 90 Pac. 558; *Farmers' Bank & Trust Co. v. Newland,* 97 Ky. 464, 31 S. W. 38; *Sahlien v. Bank of Lenoke,* 90 Tenn. 221, 16 S. W. 373; *Barreda v. Milmo Nat. Bank* (Tex. Civ. App.), 241 S. W. 743; 3 R. C. L. 611; *Wilson v. Carlinville Bank,* 187 Ill. 222, 58 N. E. 250, 52 L. R. A. 632.)

Publisher's Note.
1. See 21 R. C. L. 764.
4. See 3 R. C. L. 610.
9. See 21 R. C. L. 741.

See Appeal and Error, 4 C. J., sec. 3013, p. 1029, n. 30; sec. 3015, p. 1033, n. 37; p. 1034, n. 39.

Banks and Banking, 7 C. J., sec. 244, p. 597, n. 31; sec. 245, p. 598, n. 33; sec. 286, p. 619, n. 98; p. 620, n. 15; sec. 295, p. 622, n. 37, 38 New; p. 623, n. 48; sec. 296, p. 623, n. 49; sec. 300, p. 625, n. 70, 71, 72 New.

Evidence, 22 C. J., sec. 36, p. 96, n. 92; sec. 44, p. 102, n. 50; 23 C. J., sec. 1887, p 96, n 43, 43 New.

The measure of damages for negligence is the actual loss suffered and the face of the note or check is not *prima facie* evidence of that loss. (Morse on Banks and Banking, 5th ed., sec. 252; Story on Agency, 236; *Sahlien v. Bank, supra; Farmers' Bank & Trust Co. v. Newland,* 97 Ky. 464, 31 S. W. 38; *First Nat. Bank v. Fourth Nat. Bank,* 77 N. Y. 320, 33 Am. Rep. 618; *West v. St. Paul Nat. Bank,* 54 Minn. 466, 56 N. W. 54; *Mitchell v. Shuert,* 16 Mich. 444; *Exchange Nat. Bank v. Third Nat. Bank,* 112 U. S. 276, 5 Sup. Ct. 141, 28 L. ed. 722; *Fox v. Davenport Nat. Bank,* 73 Iowa, 649, 35 N. W. 688; *Northwestern Nat. Bank v. People's State Bank,* 109 Kan. 506, 200 Pac. 278, 19 A. L. R. 551; *People's Nat. Bank v. Brogden and Bryan,* 98 Tex. 360, 83 S. W. 1098; *Second Nat. Bank v. Bank of Alma,* 99 Ark. 386, 138 S. W. 472; *First Nat. Bank v. Henry,* 159 Ala. 367, 49 So. 97; *Chapman v. McCrea,* 63 Ind. 360; *Lord v. Hingham Nat. Bank,* 186 Mass. 161, 71 N. E. 312; *Hilsinger v. Trickett,* 86 Ohio, 286, Ann. Cas. 1913D, 421, 99 N. E. 305; *Terrell v. Commercial Nat. Bank* (Tex. Civ. App.), 199 S. W. 1133; *Central Exchange Nat. Bank v. First Nat. Bank* (Tex. Civ. App.), 214 S. W. 660; *American Nat. Bank v. Savannah Trust Co.,* 172 N. C. 344, 90 S. E. 302.)

It was error for the court to instruct the jury in this case that it was the duty of the defendant to exercise all ordinary and reasonable means to bring about the safe presentation of the check. (29 Cyc. 426, 427.)

The court erred in submitting to the jury the question whether the failure to register the letter was negligence. This instruction was error in itself and was inapplicable to any issue in the case. (*Shipsey v. Bowery Nat. Bank,* 59 N. Y. 485.)

Whitcomb, Cowen & Clark, for Respondent.

The burden of proof is upon the bank to prove any facts pleaded to excuse liability, as in this case, the mailing and loss of check in mail. (*Johnson v. All Night & Day Bank,* 17 Cal. App. 571, 120 Pac. 432; *Miranda v. City Bank,* 6 La. 740, 26 Am. Dec. 493; *Gray's Harbor Com. Co. v. Con-*

*tinental Nat. Bank,* 74 Mo. App. 633; *Pickett v. Thomas J. Baird Inv. Co.,* 22 N. D. 343, 133 N. W. 1026; *Harter v. Brunson Bank,* 92 S. C. 440, 75 S. E. 696; *Isham v. Post,* 141 N. Y. 100, 38 Am. St. 766, 35 N. E. 1084, 23 L. R. A. 90.)

Burden of proof is upon bank to excuse failure to return check or value thereof. (*Bates v. Capital State Bank,* 18 Ida. 429, 110 Pac. 277.)

It is a presumption of fact that a letter proven to have been properly directed and mailed with sufficient postage thereon to carry it to its destination was received by the addressee if residing in the place of destination, and conversely, the nonreceipt of such a letter would raise the presumption that it never was mailed. (*Rosenthal v. Walker,* 111 U. S. 185, 4 Sup. Ct. 382, 28 L. ed. 395; *German Nat. Bank v. Burns,* 12 Colo. 539, 13 Am. St. 247, 21 Pac. 714; *Henderson v. Carbondale Coal & Coke Co.,* 140 U. S. 25, 11 Sup. Ct. 691, 35 L. ed. 332.)

As a general rule usage and custom will not justify negligence. (3 R. C. L. 629, sec. 257; *Minneapolis Sash & D. Co. v. Metropolitan Bank,* 76 Minn. 136, 77 Am. St. 609, 78 N. W. 980, 44 L. R. A. 504.)

It was the duty of the appellant bank to make demand for the payment of the check and so give notice in case of failure to collect as would hold the indorsees as well as the maker. (3 R. C. L. 631, note 18; *Chicopee Bank v. Philadelphia Bank,* 8 Wall. (U. S.) 641, 19 L. ed. 422; *Durnford v. Patterson,* 7 Mart. (La.) 460, 12 Am. Dec. 514; *Thompson v. Bank of South Carolina,* 3 Hill Law (S. C.) 77, 30 Am. Dec. 354; *Bank of Washington v. Triplett,* 1 Pet. (U. S.) 25; *McKinster v. Bank of Utica,* 9 Wend. (N. Y.) 46.)

The duties of a bank are something more than those of a mere gratuitous bailee. (*Isham v. Post,* 141 N. Y. 100, 38 Am. St. 766, 35 N. E. 1084, 23 L. R. A. 90; *Hazlett v. Commercial Nat. Bank,* 132 Pa. 118, 19 Atl. 55.)

"The general rule as to the duty of a bank is that it is 'bound to use all reasonable diligence to protect the interests' of the holder of the property." (38 Am. St. 775, note;

*German Nat. Bank v. Burns, supra;* 77 Am. St. 615, note "General Duty.")

The measure of damages when a bank has been guilty of negligence in making collection is measured by the actual loss suffered by reason of the improper conduct of the bank. (7 C. J. 723, and note 51.)

This includes the improper and negligent conduct of a bank after causing its customer to believe that it was continuing to act for him after knowledge of loss of paper given for collection. (*Shipsey v. Bowery Nat. Bank,* 59 N. Y. 485; *American Nat. Bank v. Savannah Trust Co.,* 172 N. C. 344, 90 S. E. 302.)

The bank is presumed to have been negligent because of the loss of the check. (*Prince v. Alabama State Fair,* 106 Ala. 340, 17 So. 449, 28 L. R. A. 716; *Davis v. Fresno First Nat. Bank,* 118 Cal. 600, 50 Pac. 666; *Ouderirk v. Central Nat. Bank,* 119 N. Y. 263, 23 N. E. 875; *Pattison v. Syracuse Nat. Bank,* 80 N. Y. 82, 36 Am. Rep. 582; *First Nat. Bank of Carlisle v. Graham,* 85 Pa. 91, 27 Am. Rep. 628.)

T. BAILEY LEE, J.—On July 5 or 6, 1922, respondent Matlock, indorser and owner, delivered to appellant bank for collection a check drawn by one Ellis, upon the Lemhi Valley Bank in favor of one Black, in the sum of $325. Black had indorsed the check to Frank Brown, who in turn had indorsed and transferred it to respondent. Four or five days later, upon inquiry, respondent was advised by the collecting bank that no return from the check had been received. He visited the bank at intervals thereafter for a period of some eight or ten days, and, no further mention of the check having been made, he again inquired and was advised that no word had come from the Lemhi Valley Bank. Whereupon he requested appellant to telephone the drawee bank and ascertain the cause of the delay. The drawee bank replied that no such check had been received but that it would be paid upon presentation.

Matlock then requested appellant to look further into the matter which it agreed to do. The only action taken by ap-

pellant thereafter was the writing of certain letters to the maker, Ellis, urging him to stop payment of the check and forward appellant a new one. Ellis ignored these letters, if ever received, drew his money out of the Lemhi Valley Bank on September 19th, and thereafter left the country.

Respondent brought this action against the collecting bank, charging negligence in the handling and presentation of such check. The jury found in his favor and he was awarded judgment for the face of the check together with certain interest and costs. From such judgment this appeal has been taken.

[1] Insufficiency of the evidence to support negligence is urged primarily. What does the evidence disclose? The drawee bank is situated at Leadore, some fifty miles from appellant bank at Salmon City. Between these places there existed regular telephone service and a regular daily mail service, excepting Sundays. All mail going from Salmon City to Leadore was placed in a sealed sack, which was never opened until after reaching its destination. Mrs. Edwards, an employee of the collecting bank, says she remembers addressing the envelope containing the check and letter of remittance to the drawee bank and "dropping" the same in the local postoffice on July 6th. There is no evidence that the container envelope was ever stamped. It bore a return address. It has never returned to appellant bank. Both parties plead that the check has been lost. From the general verdict, it is impossible to gather just what the jury determined as to the fact of loss. When a letter, properly addressed and stamped, is deposited in the postoffice, the presumption arises that such letter arrived in due course at its destination. [2] However, when the failure of such a letter to arrive has been established, there conversely arises the presumption that it was never mailed.

[3] The loss of the check was *prima facie* evidence of appellant's negligence; and the burden was upon it to establish such forwarding as would have constituted due diligence. Under the evidence the jury would have been warranted in finding to the contrary.

[4] Granting that the check was lost through the bank's negligence, this, in itself, might not have been sufficient to hold the bank for the full amount, since abundant time remained to Matlock after notice of the loss to protect himself. Violation of some further duty must appear. It seems to be the settled law that where a bank undertakes the collection of a check, the obligation is not gratuitous, but is an ordinary contract of agency based on sufficient consideration. [5] And the obligation of the collecting bank continues until the relation is concluded either by demand of the principal, interposition of court mandate or renunciation by the agent. (7 C. J. 625, sec. 300.) In the instant case the relation was not concluded upon discovery of the loss. Matlock was never notified that he would have to shift for himself. On the contrary, he was assured that appellant would further look into the matter of the collection; and evidently relying upon such assurance, he refrained from action. (*Shipsey v. Bowery Nat. Bank*, 59 N. Y. 485.)

[6] After failure to advise Matlock that its agency was at an end, what were appellant's duties? Clearly, it should have attempted to trace the lost check. No such effort was made. It should have presented the check to the Leadore bank as a lost instrument, and notified Matlock of the result, thus completing its duties and giving him protection against the drawer and prior indorsers. (*Hinsdale v. Miles*, 5 Conn. 331; *Chicopee Bank v. Philadelphia Bank*, 8 Wall. (U. S.) 841, 19 L. ed. 422.)

"Collecting agents are recognized in the law as holders for collection, and for all the purposes of demand and notice, and the exercise of due diligence after dishonor, they are holders of the note; and the law imposes upon them the duty of doing all that the owner would be required to do for the protection of his rights, and makes them liable to the owner for default in that duty." (*Davey v. Jones*, 42 N. J. L. 28, 36 Am. Rep. 505; *Bartlett v. Isbell*, 31 Conn. 296, 83 Am. Dec. 146; *Titus v. Mechanics' Bank*, 35 N. J. L. 588; *Beale v. Parish*, 20 N. Y. 407, 75 Am. Dec. 414; *Paint Company v. National Bank*, 4 Utah, 353, 9 Pac. 709.)

But no presentation was ever made, notwithstanding appellant had a copy of the original check. This was negligence most injurious to respondent.

[7] Only one other specification merits serious consideration. The trial court instructed the jury:

"I also instruct you that it is a question of fact whether the act of attempting to send the letter by mail without having the same duly registered for the purpose of tracing its transit and better insuring its delivery was an act of negligence on the part of the defendant bank."

[8] It is urged that there is no evidence that the check might have been registered or that such registry would have insured safer transmission or surer tracing. Both the court and the jury could have taken judicial notice that Salmon City was a registry office; and  [9]  it is a matter of general knowledge that registration of mail guarantees a stricter responsibility on the part of the supervising government.

However, since there was uncontradicted testimony that the bank's established custom was to forward its collections by ordinary mail, and Matlock having invoked the exercise of that custom, such instruction may have been on the facts improper.

[10] But, as has been observed, the negligent loss of the check would not of itself have warranted the verdict; and the instruction at most was harmless error. Had there been no evidence of established custom, the instruction would have been proper, for, while the statute declares that "forwarding direct" shall constitute due diligence, it is for the jury to determine whether or not the medium of such forwarding satisfies due diligence. Under the bald statute, the transmission of a check by a piccaninny aboard a mule would be a "forwarding direct," but under most circumstances a jury would fail to invest the transmitter with such diligence as the law requires.

The judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge and Taylor, JJ., concur.