[No. 20856.  Department One.  April 14, 1928.]

## J. & H. GOODWIN COMPANY, LIMITED, *Appellant*, v. J. B. SCHWAEGLER, *Respondent*.[1]

[1] EVIDENCE (127)—DOCUMENTARY—BOOKS OF ACCOUNT.  Upon an issue as to an advance claimed to have been made by a commission merchant, on a consignment of a carload of apples, it is error to exclude a car file slip being an original entry of the merchant's business made at the time of the transaction in the ordinary course of business, showing the advance.

[2] EVIDENCE (24)—PRESUMPTIONS—MAILING AND DELIVERY OF MAIL MATTER.  In an action upon an account stated, plaintiff is entitled to an instruction that a letter properly addressed and mailed is presumed to have been received, where there was positive evidence that plaintiff mailed to defendant several statements of the account with demand for payment, and that defendant denied receipt of any of them.

Appeal from a judgment of the superior court for Yakima county, Wilson, J., entered May 23, 1927, upon the verdict of a jury in favor of the defendant, in an action on contract. Reversed.

*Joseph C. Cheney* and *O. R. Schumann*, for appellant.

*H. J. Snively*, for respondent.

FRENCH, J.—The plaintiff, J. & H. Goodwin Co., Ltd., was and still is an English corporation, with its principal place of business at Manchester, England, and in March, 1924, was engaged in the business of exporting fruit from the United States to England. At that time, the company maintained an office in Yakima, Washington, which office was in charge of Mr. Lowe, the Pacific Coast manager. Some time about the middle of March, 1924, the defendant Schwaegler came to the office of Goodwin Co., and talked with the Pacific

[1]Reported in 266 Pac. 177.

Coast manager. He wished to sell or dispose of a carload of apples consisting of some 670 boxes of winesaps, and about 150 boxes of other varieties. Goodwin Co. both bought apples and, acting as commission merchants, took them on consignment. Plaintiff claims that this carload of apples was consigned, while the defendant claims that there was a guaranty that the winesaps would realize at least $1.50 per box, f. o. b. Yakima, and that the other varieties of fruit were consigned. In any event, the carload was delivered, shipped to England, and sold for less than the transportation charges.

Plaintiff had advanced fifty cents per box and this action was brought to recover $829.92, the amount which the plaintiff claimed due on the transaction.

The case was tried before a jury, and a verdict rendered for the defendant. Plaintiff appeals.

Appellant's case is brought on the theory of an account stated, was tried and submitted to the jury on this theory, and appellant assigns as error the action of the trial court in its refusal to admit certain exhibits, and on the giving and failure to give certain instructions.

[1] Respondent's claim was that he consigned all of the apples except the winesaps, but that they were taken on a guaranteed price of $1.50 per box. Appellant's contention was that the entire transaction was a straight commission deal, with an advance of fifty cents per box as an accommodation, and that, on the delivery of the bill of lading, the appellant gave respondent $406.50 by check. Respondent refused to admit or deny the receipt of the money, inferentially claiming that it had not been paid. The check itself seems to have been lost. One of the exhibits offered and refused was the regular car file slip, it being an original record entry of appellant's business made at

the time of the transaction, in the ordinary course of business, and showing the advance, together with the number of the check. This should have been admitted. *Timewell Investment Co. v. Beckwith,* 116 Wash. 102, 198 Pac. 735.

[2] Appellant claims that the account was first stated to respondent on May 12, 1924, when the following letter was sent:

"Mr. J. B. Schwaegler,
  care Hotel Yakima,
  Yakima, Washington.
"Dear Sir:
                      Car 26959
"We are enclosing Account Sales on the above car which was sold for your account in Liverpool.

"This car, due to poor condition on arrival and the poor markets only brought a gross return of $264.64. As we advanced you $406.50 and the railway freight and strapping amounted to $688.06, or a total of $1,094.56, you therefore owe us $829.92.

"We would like you to forward us your check for this amount at your earliest convenience. Yours very truly,                    J. & H. Goodwin Co., Ltd.,
            "By.............................................................
                  "Pacific Coast Manager."

This was followed by three or four other letters of like tenor, and respondent denied receiving any of these letters demanding payment or showing any indebtedness due. Appellant requested an instruction to the effect that, where a letter is properly addressed and mailed, it is presumed to have been received.

In view of the positive testimony of appellant to the writing of this and other letters, their proper addressing and mailing, and the denial of their receipt by respondent, such an instruction should have been given. *Kubey v. Travelers Protective Association,* 109 Wash. 453, 187 Pac. 335.

We think there is no merit in the other assignments of error. The instructions, save in the particular above noted, we think correctly state the law, but for the reason that the errors above noted go to the very heart of plaintiff's cause of action, the case will be reversed, with instructions to grant a new trial.

MITCHELL, ASKREN, and PARKER, JJ., concur.